UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-08897 PA (PDx) | Date | September 2, 2026 |
| Title | Dulce Cristobal v. Dignity Community Care, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS—ORDER TO SHOW CAUSE

Before the Court is a Notice of Removal filed by defendant Anthony Pickett, M.D. ("Dr. Pickett"). (Docket No. 1.) This is a medical malpractice action filed by Dulce Cristobal ("Plaintiff") against defendants Dignity Community Care dba California Hospital Medical Center and Dr. Pickett (jointly "Defendants"), asserting claims related to injuries suffered by Plaintiff's child during childbirth. Dr. Pickett, who was Plaintiff's physician, removed this case under federal officer removal statutes, 42 USC § 233(l)(2) and 28 USC § 1442. The Notice of Removal alleges that Plaintiff received outpatient prenatal care at Pediatric and Family Medical Center d/b/a Eisner Health ("Eisner Health"), and then gave birth at California Hospital Medical Center (CHMC), a hospital that contracts with Eisner Health to provide continuity of care to its patients. Eisner Health is deemed an employee of the Public Health Service ("PHS") under the Emergency Health Personnel Act of 1970 and the Federally Supported Health Centers Assistance Act of 1992, and its employees providing care in the course of employment are immune from suit under 42 USC § 233. (Id. ¶¶ 2, 4.)

The NOR further alleges that Dr. Pickett, as an employee of Eisner Health, should be deemed an immune employee of the PHS, and that as a result, the United States is the proper party to this action under section 233(l). (Id. ¶¶ 7–12.) That section authorizes the Attorney General ("AG") to remove any case against parties considered employees of PHS, and removal by the party if the AG does not remove or appear in an action within 15 days to advise the court whether the Secretary of Health and Human Services ("HHS") has determined whether the defendants have been deemed employees of PHS. (Id. ¶¶ 27–29.) On April 23, 2026 Eisner Health notified HHS of this action in accordance with 42 U.S.C. § 233(b), and requested removal and substitution of the United States in place of Dr. Pickett. The AG did not appear within 15 days of the date of notification of Plaintiff's action, but the United States Attorney's Office for the Central District of California ("USAO"), on behalf of the AG, notified Eisner Health on August 5, 2026 that the government was denying its request to substitute the United States as the defendant in this action. (Id. ¶ 39; NOR Exh. C.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-08897 PA (PDx) | Date | September 2, 2026 |
| Title | Dulce Cristobal v. Dignity Community Care, et al. | | |

The denial was based on the government's position that the United States was not responsible for Eisner's contracting work on behalf of third party, and therefore that Dr. Pickett was not acting as a employee of PHS when he delivered Plaintiff's child. (Id.) However, several district courts in this district have rejected this same argument in factual situations almost identical this case. Blumberger v. California Hosp. Med. Ctr., CV 22-06066-FLA (AYPx), 2026 WL 575886, at (C.D. Cal. Mar. 2, 2026) (denying government's Motion to Remand and substituting the United States as defendant in place of treating physician); Paz Aguilar v. Jacobs, CV2 4-08715 MRA (MARx), 2025 WL 3089967 (C.D. Cal. Nov. 5, 2025) (denying government's Motion to Remand and substituting the United States as defendant in place of "Eisner Defendants"); A.H. v. Khalifa, CV 22-07148 DSF (PVCx), 2025 WL 2472476 (C.D. Cal. Aug. 27, 2025) (same). Moreover, section 233(l)(2) provides that after removal, all proceedings are automatically stayed pending the Court's hearing and determination as to the "appropriate forum or procedure for the assertion of the claim for damages." (Id. ¶¶ 13, 30.)

Accordingly, the parties and the United States, who will be served with a copy of this Order, are ordered to show cause in writing, by no later than September 18, 2026, as to why the United States should not be substituted as defendant for the hospital and treating physician in this action. Once the parties have filed a response to this Order to Show Cause, the matter shall be deemed under submission. The Court will notify the parties once the Court has resolved this matter, or the date and time of a hearing should the Court conclude that oral argument will assist the Court's resolution.

IT IS SO ORDERED.

cc: Assistant United States Attorneys Daniel A. Beck and Ryan Chapman